IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Julia Biggs and Eleanor Mirabelli, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 09 C 5342 |
| Accounts Receivable Management, Inc., a New Jersey corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiffs, Julia Biggs and Eleanor Mirabelli, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Julia Biggs ("Biggs"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt owed for a Wachovia Bank account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Plaintiff, Eleanor Mirabelli ("Mirabelli"), is a citizen of the State New York, from whom Defendant attempted to collect a delinquent consumer debt owed originally for a Metris credit card, despite the fact that she was represented as to this debt by the legal aid attorneys at LASPD, in Chicago, Illinois.

5.     Defendant, Accounts Receivable Management, Inc. ("ARM"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  ARM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6.     Defendant ARM is licensed to conduct business in Illinois and maintains a registered agent here.  See, record from the Illinois Secretary of State attached as Exhibit A.

7.     Defendant ARM is licensed as a collection agency in Illinois.  See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

### Ms. Julia Biggs

8.     Ms. Biggs is a senior citizen with limited assets and income, who fell behind on paying her bills, including her Wachovia Bank debt.  When Defendant ARM began trying to collect the Wachovia Bank debt from Ms. Biggs, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ARM's collection actions.

9. One of Ms. Biggs' attorneys at LASPD wrote a letter, dated January 19, 2009 to Defendant ARM, to advise it that Ms. Biggs was represented by counsel, directing ARM to cease contacting her and to cease all further collection activities because Ms. Biggs was forced, by her financial circumstances to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant ARM sent collection letters, dated January 28, 2009 and April 21, 2009, directly to Ms. Biggs, demanding payment of the Wachovia Bank debt. Copies of these letters are attached as Exhibits D and E, respectively.

11. Accordingly, on May 26, 2009, Ms. Biggs' LASPD attorney had to send Defendant ARM another letter directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit F.

**Ms. Eleanor Mirabelli**

12. Ms. Mirabelli is a senior citizen with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Metris credit card. When Defendant ARM began trying to collect the Metris credit card debt from Ms. Mirabelli, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ARM's collection actions.

13. One of Ms. Mirabelli's attorneys at LASPD wrote a letter, dated January 8, 2009 to Defendant ARM to advise it that Ms. Mirabelli was represented by counsel, directing ARM to cease contacting Ms. Mirabelli and directing to cease all further collection activities because Ms. Mirabelli was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit G.

14. Nonetheless, Defendant ARM sent a collection letter, dated March 5, 2009, directly to Ms. Mirabelli, demanding payment of the Metris debt. A copy of this letter is attached as Exhibit H.

15. Accordingly, on April 6, 2009, Ms. Mirabelli's LASPD attorney had to send Defendant ARM another letter directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit I.

16. All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Biggs' and Ms. Mirabelli's LASPD agents told Defendant ARM to cease communications with them and that they refused to pay the debts. By continuing to communicate regarding these debts and demanding payment, Defendant ARM violated § 1692c(c) of the FDCPA.

21.     Defendant ARM's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22.     Plaintiffs adopt and reallege ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24.     Defendant ARM knew that Ms. Biggs and Ms. Mirabelli were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with Ms. Biggs and Ms. Mirabelli.  By directly sending Ms. Biggs and Ms. Mirabelli collection letters, despite being advised that they were represented by counsel, Defendant ARM violated § 1692c (a)(2) of the FDCPA.

25.     Defendant ARM's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Julia Biggs and Eleanor Mirabelli, pray that this Court:

1.     Find that Defendant ARM's debt collection actions violated the FDCPA;

2.   Enter judgment in favor of Plaintiffs, Biggs and Mirabelli, and against Defendant ARM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Julia Biggs and Eleanor Mirabelli, demand trial by jury.

                                             Julia Biggs and Eleanor Mirabelli,

                                             By: /s/ David J. Philipps
                                             One of Plaintiffs' Attorneys

Dated:  August 28, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com